IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY ALAN BEAN, JR.,              )
                Plaintiff,     )
                                   )      Civil Action No. 15-228
vs.                                                      )      Chief Magistrate Judge Maureen P. Kelly
                                   )
SAMUEL McFARLAND,                    )
                Defendant.   )

## MEMORANDUM ORDER

Timothy Alan Bean, Jr. ("Plaintiff") has filed a civil rights Complaint, alleging that his federal rights were violated by the sole named Defendant, Samuel McFarland, a fellow prisoner. Plaintiff alleges only that on December 8, 2014, "Samuel McFarland, punched me in the face because I am a sex offender and he harassed me for 2 months prior to assaulting me saying he was going to kill me or rape me or beat me up." ECF. No. 3 at ¶ IV.C. In response to a question on the pre-printed civil rights form Complaint, which asked what federal law Plaintiff claims was violated, Plaintiff answered "discrimination." Id., at ¶ IV.A. Because Plaintiff seeks to sue Defendant McFarland for actions that allegedly violated some unspecified federal law, the Complaint must be dismissed because Plaintiff fails to show that Defendant McFarland acted under color of state law and thus fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

### A. PROCEDURAL BACKGROUND

At the time of the initiation of this civil action, Plaintiff was a prisoner in the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"). Plaintiff is proceeding pro se and his Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") has been granted. ECF No. 2. Service of process has not yet been made on the Defendant. Plaintiff has consented to have the

Magistrate Judge exercise plenary jurisdiction in this case. ECF No. 5. Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995).

### B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and in applying the standards applicable to a Rule 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint

must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

### C. DISCUSSION

Even though Plaintiff does not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, in the Complaint, it is clear to this Court that Plaintiff is seeking to vindicate his federal rights, possibly, his federal Constitutional rights to equal protection given his invocation of the term "discrimination." However, because Plaintiff does not have a cause of action directly under the Constitution of the United States, nor does he identify another source of a federal right alleged to have been violated or another basis for federal jurisdiction, a liberal reading of the Complaint requires the Court to construe the Complaint as one invoking the Court's federal question jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981) (where a federal statute governing civil action for deprivation of rights provides a remedy, *i.e.*, 42 U.S.C. § 1983, an implied cause of action grounded on the Constitution is not available), *overruling on other grounds as recognized in*, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986). Hence, the Court construes the current civil action as alleging a cause of action under Section 1983.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the asserted misconduct was committed by a person acting

3

under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

However, Plaintiff's Complaint against his fellow prisoner simply fails to show that the Defendant acted under color of state law as is required to state a claim under Section 1983. The legal rule is that fellow prisoners do not act under color of state law and thus claims against such fellow prisoners must be dismissed for failure to state a claim upon which relief can be granted. See, e.g., Simonton v. Tennis, 437 F. App'x 60 (3d Cir. 2011) (affirming District Court's dismissal pursuant to the PLRA of a claim against a fellow inmate who allegedly assaulted a state prisoner and finding that the fellow inmate was not a state actor and did not act under color of state law, and thus, could not be liable under § 1983).

Accordingly, the Complaint will be dismissed without prejudice before service for failing to state a claim upon which relief can be granted, given that the only named Defendant does not act under color of state law.

**D. LEAVE TO FILE AMENDED COMPLAINT**

However, Plaintiff is hereby granted leave to file an Amended Complaint that cures the deficiencies noted herein no later than April 20, 2015. Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) ("The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought. Circuit

case law, however, holds that leave to amend must be given in this situation as well."). Failure to file an Amended Complaint by April 20, 2015 will be deemed to mean that Plaintiff intends to stand on the Complaint, as filed. See Thompson v. Real Estate Mortg. Network, 748 F.3d 142 (3d Cir. 2014).

BY THE COURT:

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc    Timothy Alan Bean, Jr.
KZ-3442
SCI Pittsburgh
P.O. Box 99991
Pittsburgh, PA 15233